**The People of the State of Illinois ex rel. Mary Belasco, Appellee, v. Howard Langford, Appellant.**

**Gen. No. 21,920.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

### Statement of the Case.

Prosecution for bastardy by the People of the State of Illinois *ex rel.* Mary Belasco, plaintiff, against Howard Langford, defendant. From a money judgment against him, defendant appeals.

Defendant waived a trial by jury, and the case was heard by the trial judge, who found the defendant to be the putative father of a bastard child born to the relatrix. The errors assigned and argued were that

the finding and judgment were contrary to the weight of the evidence, that there was no proof that relatrix was unmarried at the time of conception, and that relatrix and defendant were nonresidents of this State. Relatrix testified that she was an unmarried woman; that defendant was the only man she ever carnally knew, and no attempt was made to prove otherwise. At the final hearing each side produced two additional witnesses. Those for relatrix corroborated her on material matters, and contradicted defendant regarding matters which he by his testimony had denied. Defendant's witnesses testified to negative facts which were without probative force and tended in no degree to establish any material controverted fact.

CAVENDER & KAISER, for appellant.

MACLAY HOYNE, for appellee; EDWARD E. WILSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 60*—*when insufficiency of evidence as to relatrix being married waived on appeal.* Where relatrix in a bastardy action testified that she was an unmarried woman at the time of conception and no challenge of this or motion for a finding in defendant's favor is made on such grounds, the contention that it is not proved that she was unmarried at such time is unavailing on appeal.

2. BASTARDS, § 22*—*when preponderance of evidence with relatrix.* In a bastardy case the preponderance of evidence *held* to be with relatrix, it appearing that at the final hearing each side produced two witnesses in addition to relatrix and defendant, that those for relatrix corroborated her on material matters and contradicted defendant on matters which he had denied, and that defendant's witnesses testified to negative facts without probative force.

3. BASTARDS, § 60*—*when objection to jurisdiction of court waived.* Where the parties in a bastardy action are nonresidents of this

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

State but are both within the jurisdiction of the court, as is also the child, who was born in the State, and where defendant was arrested in the State on relatrix's complaint and appeared and pleaded without making any objection to the court's jurisdiction, it is too late for him to object in the court of review that the parties are nonresident.